FILED

**July 27, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Giovanna Meier | ) | Docket No. 2015-02-0179 |
| | ) | |
| v. | ) | State File No. 42423-2015 |
| | ) | |
| Lowe's Home Centers, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded - Filed July 27, 2016

---

In this interlocutory appeal, the employee alleges suffering an injury to her back while moving bags of concrete in the course and scope of her employment. The employer denied the claim as not being work-related. Following an expedited hearing, the trial court ruled that the employee presented insufficient evidence she was likely to succeed at a trial on the merits in establishing an injury arising primarily out of and in the course and scope of her employment. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

George Todd East, Kingsport, Tennessee, for the employee-appellant, Giovanna Meier

Jess Maples, Knoxville, Tennessee, for the employer-appellee, Lowe's Home Centers, Inc.

### Memorandum Opinion[1]

Giovanna Meier ("Employee") alleges that she suffered an injury to her back on April 27, 2015, when she transferred bags of concrete from one cart to another while

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

working for Lowe's Home Centers, Inc. ("Employer").[2]  She described a twisting motion, followed by a pop in her knee.  Employee offered conflicting information regarding whether she felt immediate pain but, in any event, she did not seek medical treatment that day.  According to the trial court's order, Employee testified she and her husband were on their way to the emergency room to have her injury evaluated the next day when she asked her husband to stop at a store for a loaf of bread.  She testified that when she bent over to retrieve the bread from a shelf, she felt intense pain.  She proceeded to the emergency room and was evaluated.

Employer denied the claim as not arising out of the employment, and Employee filed a petition for benefit determination.  Following an expedited hearing, the trial court determined there was insufficient medical proof to establish a causal link between the employment and the purported injury.  The trial court noted that Employee initially reported a knee injury and later claimed a back injury.  The court denied relief and Employee appealed.

Testimony was presented to the trial court at the expedited hearing, and the court relied on that testimony in deciding the case.  However, we have been provided with no record of this testimony.  Moreover, no statement of the evidence has been filed.  Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court.  Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence.  *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *7 (Tenn. Workers' Comp. Panel May 19, 2004) ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").  Furthermore, there is a statutory presumption "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."  Tenn. Code Ann. § 50-6-239(c)(7) (2015).

In accordance with these principles, we cannot conclude that the evidence preponderates against the trial court's decision.  Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3) (2015).  Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

---

[2] The parties have not submitted a transcript of the proceedings in the trial court or a statement of the evidence presented at the expedited hearing.  Thus, we have gleaned the facts from the documents and exhibits filed in the trial court, including the trial court's June 17, 2016 expedited hearing order.

_Marshall L. Davidson, III_

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

3

**FILED**

**July 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Giovanna Meier | ) | Docket No.　2015-02-0179 |
| | ) | |
| v. | ) | |
| | ) | State File No.　42423-2015 |
| Lowe's Home Centers, Inc., et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of July, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **George Todd East** | | | | | X | jennifer@toddeast.com |
| **Jess Maples** | | | | | X | jess.maples@leitnerfirm.com |
| **Brian K. Addington, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov